Will your argument next in the United States v. Goldreich, 162597. May it please the court. Hold on Ms. Myers. Sure. May it please the court. I'm Jane Myers and I represent Israel Goldreich on this appeal. The first point that I'd like to stress is that there was not legally sufficient evidence to show the element of ownership by the government at the time that the property was converted and that would make the case against him legally insufficient to satisfy the elements of the 18 U.S.C. Goldreich seemed to believe that Mr. Larson had control over the funds. Yeah, I don't think the test, however, is what Mr. . . . I'm not saying about . . . you're challenging sufficiency. I'm challenging . . . And so one part of the evidence is that the defendant himself believed that the government agent, he didn't know it was a government agent, Mr. Larson, had control. And that the government believed that it had and retained control over those funds. It was that, their account, their money. I would say that Mr. Goldreich, clearly by his actions, did not in fact believe that the government retained control over this. He had no idea of the government involvement and in addition to that, he was simply spending the money on, you know, personal needs and whatever. And I'm not trying to give a medal. As a matter of law, does he, does the government have to prove that he knew that the government thought it was its money? No. Absolutely not. Absolutely not. And I think that was pretty well taken care of during the trial. But at the time, the government had no actual control over the money. It was in an account that Mr. Goldreich solely controlled. No one else had any access to it. And for that reason, we're going to ask the court to find that there was legally insufficient evidence to support his conviction. That's your only basis. That's your argument. That is our argument. The second argument relates to the jury's supplemental charge. And that is actually, the judge gave a charge that was confusing. Judge Kogan basically contradicted himself when describing element number one and element number three in the charge. So I'm not sure that that's necessarily error, but I hear what you're saying and I hear that there, and he in fact acknowledged he saw for a moment the contradiction. Right. How are you prejudiced by that?  Which you rightly say is not an element. I don't know how no one picked up on this. So my question fundamentally is, how is a defendant prejudiced by an instruction, erroneous, say, assume, that adds an element for the government to prove? No, I understand that there's some tension in that I simply think, and I'm relying on cases such as United States against Kopstein, that where the charge is confusing, the jury comes back, gives every indication that they are flummoxed by the charge, and then the judge, instead of giving the very simple answer that the jury appeared to want, simply says, go try it out with this charge again, and then almost immediately the jury comes back with a verdict of guilty that because the court did not in fact clarify what the jury needed to have clarified to render a fair decision under the law, my client should get a new trial on this case. Ms. Myers, isn't our jurisprudence basically to the effect that not only does there need to be some objection, but also a tendering of a legally correct charge? I'm sorry. I didn't quite hear you, Your Honor. I'm sorry. Can you hear me now? Yes, I can. All right. Isn't our jurisprudence to the effect that not only does the objector have to object to the charge, but also offer what is a legally correct charge in order for this argument to be cognizable? I think that's true. All right. What was offered as the correct charge? The judge — the exact words of the jury, and this is where the jury got — the exact words of the court, and this is what the jury referenced. The third element, and the way the court had charged it, is the defendant acted knowingly and willfully with intent to deprive the government of use and benefit of the property. The jury comes back, and they say, listen, for this third element, does it need to be proven that the property belonged to the United States government? And the correct answer is, for this whole case, everything had to show that the property belonged to the United States government. So when Mr. Keller, which — who represented the defendant in the court below said, judge, answer yes, and the judge says, yeah, I think that's right, but I'm going to point out too much, you know, the potential ambiguity, I'll say, in the charge if I do that, and I will, therefore, just tell them to reread it, the court didn't fulfill its function. It basically told a jury that had a very specific question, that had one legally correct answer, which was yes, because it has to be owned by the government. The judge didn't do it. JUSTICE BREYER. Did the counsel then point out the lingering ambiguity? JUSTICE SOTOMAYOR. No, but the judge said there was an ambiguity. And I don't think that point was lost. I mean, I think it's very clear on reading. JUSTICE BREYER. There was no subsequent objection that there's — once he said, I'm just going to reread the instruction, no subsequent objection. JUSTICE SOTOMAYOR. You know, there were three objections that are this precise to that. I mean, you know, coming in rapid succession, and I simply don't at this moment remember if one came right after or if they all came right every time they were  JUSTICE BREYER. I don't recall anything coming after. JUSTICE SOTOMAYOR. Yeah, I don't either. But I'm simply going to say that I'm not entirely clear on the record. But I think we had a hopelessly confused jury with a clear answer that simply was not given by the court. And since we don't have any way of — JUSTICE SCALIA. Was the charge as given — set aside the question, was the charge that was given and as repeated correct legally? JUSTICE SOTOMAYOR. I don't believe the charge was correct legally. I genuinely do not believe that. I think the element, the third element that the judge was talking about, and I recognize that this is a fairly standard charge, that the defendant acted knowingly and willfully with intent to deprive the government of use of the benefit. It seems that there is a very specific intent, which is really not what the law is about. This defendant didn't even have to know. JUSTICE BREYER. I'm just — I will go back to my question. Doesn't this help the defendant? JUSTICE SOTOMAYOR. If they're too confused, I think we still get a reversal. I recognize the point that you are saying. JUSTICE BREYER. And the confusion is, oh, so now we've got to show — we've got to agree unanimously that he specifically and willfully intended to deprive the government of money. Jeez, that's sort of hard, but conviction. Doesn't — doesn't — didn't that help your client? JUSTICE SOTOMAYOR. I recognize that that is a difficult point for us to overcome. You know, I will state that. I am simply — yeah. JUSTICE BREYER.  JUSTICE SOTOMAYOR. You're welcome. JUSTICE BREYER. You've reserved two minutes for rebuttal. Mr. Richardson. IAN RICHARDSON. May it please the Court, my name is Ian Richardson. I was the prosecutor at the trial below. I'll take the second point first, and that relates to the supplemental instruction that Judge Kogan did, which essentially was to go back and review the instructions as a whole. That was not error in this case because he correctly identified that the jury's confusion stemmed from their reading one of the instructions on one element, the third element of the offense, in isolation from his instruction on the first element of the offense. By instructing the jury to go back and read the instructions as a whole, he clarified the instructions and clarified the jury's confusion. But Judge Loyer makes a good point. That third instruction, even if read in isolation by the jury, only would have helped the defendant. It would not have prejudiced him. JUSTICE BREYER. Let me ask you something, Mr. Richardson, that I had not thought of with respect to the error point. Was there an objection the first time to this second — to this reading?  There was no objection to this instruction the first time. JUSTICE BREYER. The objection only arose when there was a possible — well, when the jury note comes out and they ask a question, and Judge Kogan, I think, recognizes there might be some ambiguity, but there was no challenge to the instruction as originally given. MR. RICHARDSON. That's correct, Your Honor. There was no instruction and there was no contention until the argument here that there was anything legally erroneous about the instruction that — JUSTICE BREYER. Technically, this is correct, although — MR. RICHARDSON. It is. I think you can read — I think the district court was correct that you can read ambiguity in here if you only read the third element. But if you read them all together in context, the court is already — JUSTICE BREYER. Which is what we're supposed to do. MR. RICHARDSON. Which is what everyone is supposed to do when they read jury instructions. In the first jury — in the first element, the court has instructed the jury that they have to find, by preponderance of the evidence, that the government owned the property. So by the time that we get down to the third element, when he refers to — when he refers to the property, knowingly and willfully with the intent to deprive the government of the use and benefit of its property, in retrospect, yes, there are other ways to put that. But it's a shorthand reference to the true owner of the property. So read in context, the instructions are legally correct. There was no objection to the instructions when they were initially given. And there was no claim even after the jury note was given that those instructions were incorrect. So the real question here is whether the district court erred in its supplemental instruction. And in choosing to refer the jury back to the instructions as a whole, the district court made clear that it identified the sources of the jury's confusion as the jury's failure to read all of the instructions. And that was apparent from the note, which referenced the instruction on the first element of defense, but asked a question that was already answered by the instruction on the first element of defense. So even though the defendant didn't — the defendant didn't preserve its objection on jury — his objection on jury confusion in the district court by stating that was the basis of his request for the simple yes, he didn't explain how a simple yes would have resolved jury confusion better than the instruction the court gave. But even if this court were to view it under an abusive discretion standard, the district court appropriately exercised its discretion and gave a legally correct instruction. Do you have anything to add to your briefs on the sufficiency? No, Your Honor. And we'll wrap up the briefs. Thank you, Your Honor. If there are no further questions from the court, I'll stand on my brief and the argument that I previously made. Thank you very much. We'll reserve the decision.